UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADVANCED MARKETING INTERNATIONAL,
INC.,

                Plaintiff,

v.                                                 Case No.  5:05-cv-435-Oc-10GRJ

TIMOTHY R. MORGAN AND HY CITE
CORPORATION,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand And Incorporated Memorandum Of Law.  (Doc. 9.)  Defendants have filed their Memorandum In Support Of Opposition To Plaintiff's Motion To Remand (Doc. 10), and the matter is now ripe for the Court's review.  For the reasons discussed below, Plaintiff's Motion To Remand (Doc. 9) is due to be **GRANTED**.

Also pending before the Court is Defendants' Motion To Dismiss, Transfer Or Stay.  (Doc. 3.)  Although this action is due to be remanded to state court, and thus, the Court does not need to address Defendants' Motion To Dismiss, Transfer Or Stay, in the event the action was not remanded, the Defendants' Motion To Dismiss, Transfer Or Stay is due to be **DENIED** because the District Court for the Central District of California - the venue where Defendants want the Court to transfer this action - has now ruled that

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

the claims of Defendant Morgan cannot be included in that action due to a lack of connection to California.

## I. **BACKGROUND**

Plaintiff, Advanced Marketing International ("AMI"), markets and sells kitchen equipment and cookware. Defendant Morgan became a distributor for AMI and signed a Distributor Agreement which included certain restrictive covenants.[2] Morgan received extensive distributor training by AMI, and was scheduled to appear on behalf of AMI at a series of trade shows in September through December. On September 9, 2005, Morgan was scheduled to attend a trade show in Tulsa, Oklahoma. However, the Complaint alleges that on that date, AMI's president saw Defendant Morgan selling products for AMI's competitor, Defendant Hy Cite Corporation, at the Los Angeles County Fair.

On September 30, 2005, Plaintiff filed a complaint against Timothy R. Morgan and Hy Cite Corporation alleging claims for breach of distributor agreement, breach of fiduciary duty, tortious interference with contractual relationship, misappropriation of trade secrets, and conversion.[3] The complaint was filed in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida and was removed to this Court on October 21, 2005.[4]

Plaintiff contends that Defendants removed this case to federal court in violation of the choice of law and venue provision in Defendant Morgan's Distributor Agreement.

---

[2] Doc. 2 at 3.

[3] Doc. 2.

[4] Doc. 1.

The relevant choice of law and venue provision in the Distributor Agreement provides that "the validity, interpretation and performance of this agreement shall be controlled by and construed under the laws of the State of Florida.  Both parties agree that any objections to venue be waived and that venue shall be *in the Circuit Court for Lake County, Florida."*[5]  Plaintiff asserts that removal by defendants was improper because the forum selection clause is mandatory, requiring remand to state court.  Although only Defendant Morgan signed the Distributor Agreement with Plaintiff, Plaintiff contends that the two defendants are so closely related for the purposes of this action that Defendant Hy Cite is also bound by the forum selection clause in the Distributor Agreement.

Defendants contend that they properly removed this action based on diversity of citizenship and that the forum selection clause does not require remand.  Defendants offer two reasons why the case should not be remanded.  First, Defendants argue that this case should not be remanded to Florida state court because the law of California, and not Florida, governs the contract and tort claims in this case.  Second, Defendants contend that even if this Court should find the forum selection clause binding on Defendant Morgan, who executed the Distributor Agreement, it is not binding on Hy Cite, a non-party to the Distributor Agreement.[6]  Defendants claim that Hy Cite should be allowed to remove this action free from the constraints of the forum selection clause and that in the interest of judicial economy, all claims should be kept together in the case before this Court.

---

[5] Emphasis added.

[6] Doc. 10 at 4-5.

## II.  DISCUSSION

Although the removal statute does not expressly state that a district court can remand an action to enforce a forum selection clause, the Eleventh Circuit held in *Snapper v. Redan* that district courts have "the inherent power to remand a removed case when it is appropriate to do so to enforce a forum selection clause."[7]  Therefore, the Court has the authority to determine whether this case should be remanded to state court based on the forum selection clause in the Distributor Agreement.

The Court must determine two issues to resolve the instant motion.  First, the Court must determine whether the forum selection is enforceable.  Secondly, because one of the Defendants - Hy Cite - is not a party to the Distributor Agreement, the Court must determine what effect, if any, the forum selection clause has on Hy Cite's right to remove this action to federal court.

### A. The forum selection clause is enforceable under federal law

Plaintiff asserts that the forum selection clause in the Distributor Agreement is a mandatory clause which requires the Court to remand this case to the court specified in the forum selection clause - the Circuit Court for Lake County, Florida.

Turning to federal law, there is a strong policy that forum selection clauses are enforceable in federal courts.[8]  The Eleventh Circuit instructs that "the validity of a forum selection clause is determined under the usual rules governing the enforcement of

---

[7] *See* Snapper, Inc. v. Redan, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999) (discussing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988)).

[8] M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972).

contracts in general."[9]  By signing a contract that contains a forum selection clause, a defendant may waive his right to removal under ordinary principles of contract interpretation, even if that waiver is not "clear and unequivocal" on the face of the contract.[10]

Applying ordinary principles of contract interpretation, the Court must first determine whether the forum selection clause is mandatory or permissive.  Most courts which have addressed the issue have held that where a forum selection clause, as here, uses mandatory language such as "shall" and names a specific location with no ambiguity in the chosen forum, the forum selection clause is deemed to be mandatory and enforceable.[11]

---

[9] P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).

[10] See Snapper, 171 F.3d at 1260. However, there is some dispute among the circuits over the correct standard to employ when deciding if one has waived the right to remove.  See, e.g., Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992) (finding that waiver of one's statutory right of removal must be "clear and unequivocal").

[11] See In re fireman's Fund Insurance Co., 588 F.2d 93 (5th Cir. 1979) (enforcing the venue provision in an agreement was enforceable which stated that "If the Sub-contractor shall institute any suit or action . . . the venue of such suit or action shall be laid in the County of Essex and State of New Jersey"); Sterling Forest Assoc., Ltd. v. Barnett-Range Corp., 840 F.2d 249, 251-252 (4th Cir. 1988) (finding a forum selection clause that read "the parties agree that in any dispute . . . venue shall be in California" was mandatory and enforceable and citing additional cases that held similarly); Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989) (finding a forum selection clause that read "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia" mandatory and enforceable); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1345 (10th Cir. 1992) (holding that a forum selection clause  which stated that "venue shall be proper under this agreement in Johnson County, Kansas" was mandatory and enforceable); Talatala v. Nippon Yusen Kaisha Corp., 974 F. Supp. 1321, 1325 (D. Haw. 1997) (finding a clause that read "any action thereunder shall be brought before the Tokyo District Court in Japan" mandatory and enforceable); Navickas v. Aircenter, Inc., No. 1:02-CV-363, 2003 WL 21212747, at *5 (E.D. Tenn.  April 10, 2003) (finding a forum selection clause stating "venue for any matter relating to this contract shall be in Marion County, Tennessee" mandatory and enforceable, thus permitting the case only to be brought in the state courts of Marion County because there was no federal court there); Dorsey v. Northern Life Ins. Co., No. Civ. A. 04-0342, 2004 WL 2496214, *4 and *8 (E.D. La. Nov. 5, 2004) (forum selection clause stating that "venue shall be laid in King County, Washington" was mandatory and enforceable); Travelers Prop. Cas. Co. of Am. v. Centimark Corp., No. 2:04-CV-0916, 2005 WL 1038842, at *3 (S.D. Ohio May 3, 2005) (holding that a forum selection clause stating that "venue of any dispute arising under/or pursuant to the terms of the Warranty shall be vested in courts

(continued…)

The forum selection clause in this case specifically provides that "venue shall be in the Circuit Court for Lake County, Florida." The use of the word "shall" evinces the mandatory intent of the parties to the contract. The specification of venue as the "Circuit Court for Lake County, Florida" - the court where this case initially was filed - is an unambiguous designation as the proper forum for any contract disputes. Accordingly, the Court finds this forum selection clause in the Distributor Agreement is enforceable and mandates remand of this action unless there are other reasons under federal law that would defeat enforcement of the forum selection clause.

Under federal law a forum selection clause can only be defeated if the party challenging enforcement establishes that the forum selection clause is unfair, unreasonable or unjust.[12] In *M/S Bremen v. Zapata Off-Shore Company ("Bremen")* the Supreme Court identified two factors that might justify refusing to enforce a forum selection clause. First, "if enforcement would contravene a strong public policy of the forum in which suit is brought."[13] A second factor which might justify refusal to enforce a

---

[11](…continued)
sitting in Washington County, Pennsylvania" was mandatory and enforceable); Aerus LLC v. Pro Team, Inc., No. Civ. A. 304CV1985M, 2005 WL 1131093, *7 (N.D. Texas May 9, 2005) (finding a forum selection clause stating "the jurisdiction, venue, and applicable law shall be [the] city of San Diego, California, United States of America . . ." mandatory and enforceable as to the specification of venue); cf. Global Satellite Communication Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (reasoning that "'Venue shall be in Broward County,' because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue in Broward County and Broward County alone," but finding the forum selection clause did not mandate that the case be brought in state court because the forum selection clause could reasonably be interpreted to allow the case to be brought in any court in Broward County, including the federal court division there.).

[12] Bremen, 407 U.S. at 15.

[13] *Id.*

forum selection clause would be "if the chosen forum is seriously inconvenient for the trial of this action."[14] Neither situation is present in this case.

The only suggestion that enforcement might violate public policy is directed to California law and not the law of the state of Florida. Defendants do not suggest that the non-compete clause violates the public policy of Florida but rather violates the public policy of California. According to Defendants, application of a Florida law choice of law analysis would result in the application of California law thus making remand to a Florida state court inappropriate.

The Court, however, does not need to perform a choice of law analysis because the United States District Court for the Central District of California - in a related action involving, among others, the same parties in this case - has already addressed this issue.[15] In *Ferguson v. Advanced Marketing International, Inc.* (the "AMI California Action") Hy Cite and several former AMI distributors filed a declaratory judgment action in the Central District of California, seeking to void the non-compete clause in AMI's Distributor Agreement as violative of the public policy expressed under California law. Hy Cite filed a motion to add Morgan as an additional plaintiff in that action. On December 20, 2005 the court in the Central District of California denied Hy Cite's motion to add Morgan as a party in that action, finding that although Morgan "may have, at least on a few occasions, marketed and sold cookware products in California" California does

---

[14] *Id.* at 16.

[15] Ferguson v. Advanced Marketing Int'l, Inc., No. CV 05-6488 AHM (C.D. Cal. filed Dec. 20, 2005), *see,* Doc. 12.

not have sufficient interest in him as a resident and citizen of South Carolina "to warrant the application of California law over that of Florida." As the court held:

> [T]he Court finds the connection between the California and the proposed Plaintiffs too tenuous to support a conclusion that California's policy against the enforcement of non-compete agreements requires the invalidation of the parties' contractual choice of law and forum selection provisions. As such, joining Morgan . . . as plaintiff[ ] would be futile as [his] addition would not survive a similar motion to dismiss for improper venue by AMI.[16]

Given the decision of the District Court in the California AMI Case - which refused to allow Morgan to be joined and granted a motion to dismiss for improper venue based on the same forum selection clause in this case - enforcement of the forum selection clause here would neither violate public policy nor involve the application of California law.

Accordingly, because the Defendants have not raised any other issues that would render the forum selection clause unenforceable under the standards set forth in *Bremen*, the forum selection clause in the Distributor Agreement is a sufficient ground for granting Plaintiff's motion to remand.

### B. The applicability of the forum selection clause to Hy Cite

Alternatively, Defendants argue that with respect to Defendant Hy Cite, the forum selection clause is non-binding on Hy Cite because it is not a signatory to the Distributor Agreement. Hy Cite argues that even if the Court finds the forum selection clause enforceable against Defendant Morgan, in the interest of judicial economy, the Court should keep all Defendants and claims together in federal court.

---

[16] *Id.* In addition, the California district court held that AMI's Motion to Dismiss for Improper Venue should be granted with respect to four of the Plaintiffs, including Hy Cite, whose connections to California were also too tenuous to prevent enforcement of the forum selection clause which named the Circuit Court for Lake County, Florida as the proper venue.

Plaintiff counters that Hy Cite is bound by the forum selection clause in Defendant Morgan's Distributor Agreement, even though it was not a party to the Distributor Agreement, because it was so "closely related to the dispute [over the contract] that it [was] foreseeable that it [would] be bound."[17]

The Court, however, does not need to address whether or not Hy Cite is bound by the forum selection clause in the Distributor Agreement because the only issue before the Court is whether this case should be remanded to state court. One of the guiding principles of removal law is the unanimity principle which requires that all of the Defendants must consent to the removal of a case.[18] Under the unanimity principle, in order for the removal to be proper, Hy Cite and Morgan both must consent to remove this action.[19] While Hy Cite might not be bound by the forum selection clause in the Distributor Agreement - and would be permitted to remove this case had it been the only defendant - Morgan, as a signatory to the Distributor Agreement containing a mandatory forum selection clause, cannot be deemed to have consented to the removal of this action to federal court.[20] Indeed, in the forum selection clause Morgan expressly waived

---

[17] Doc. 9 at 5 (quoting Smith v. Professional Claims, Inc., 19 F. Supp. 2d 1276, 1282 (M.D. Ala.1998)); *see also* Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998.)

[18] Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); *In re* Bethesda Mem'l Hosp., Inc., 123 F.3d 1407, 1410 & n.2 (11th Cir. 1997.) These cases all construe the language of 28 U.S.C. § 1446(a) which states that "A *defendant or defendants* desiring to remove any civil action or criminal prosecution from State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such *defendant or defendants in such action."* (emphasis added.)

[19] When all Defendants cannot or will not consent to removal, the district court can remand the case back to state court upon motion by the Plaintiff for a defect in removal. 28 U.S.C. § 1447(c).

[20] *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1046-1047 (11th Cir. 2001) (holding that defendant First State had waived its right to consent to removal when it issued an insurance policy to plaintiff containing a service of suit clause which stated that "in the event that First State fails to
(continued…)

9

any objections to venue of the Circuit Court for Lake County, Florida. Accordingly, because Morgan has consented to venue in state court - and not federal court - there is a lack of the requisite unanimity for removal so that Hy Cite's notice of removal - joined by Morgan - is defective, thus, requiring that this action be remanded.

### C. Defendants' Motion To Dismiss, Stay Or Transfer

While it may be unnecessary for the Court to address Defendants' Motion To Dismiss, Stay, Or Transfer because the case is due to be remanded to state court, even assuming *arguendo* that the case was not remanded, Defendants' Motion To Dismiss, Stay, Or Transfer would be due to be denied.

Now that the District Court for the Central District of California in the *Ferguson* case has declined to permit Morgan to be joined as a party in that action, there is no reason to stay this case pending the ruling by the Central District of California. Nor is there any basis to transfer venue of this case to the Central District of California or dismiss the case based on venue because of the pendency of the claims in the Central District of California. The Central District of California explicitly has found that it is not the proper venue for the dispute between AMI and Morgan and that the forum selection clause laying venue in Florida state court is valid and enforceable with respect to Morgan. Accordingly, it follows that Defendant's Motion to Dismiss, Transfer, Or Stay this action (Doc. 3) is due to be **DENIED as moot**.

---

[20](…continued)
pay any amount claimed to be due under the policy, [Plaintiff] may bring suit in any court of competent jurisdiction and First State must 'comply with all requirements necessary to give such court jurisdiction.'" *Id.* at 1046. "To permit First State to consent to removal from the forum selected by Russell would defy the express language of First State's contract." *Id.* at 1047.).

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Remand (Doc. 9) be **GRANTED** and alternatively, Defendant's Motion To Dismiss, Transfer, Or Stay (Doc. 3) be **DENIED as moot**.

**IN CHAMBERS** in Ocala, Florida, on February 2, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
The Honorable Wm. Terrell Hodges
Senior United States District Judge

Counsel of Record