UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ADVANCED MARKETING
INTERNATIONAL, INC.,

          Plaintiff,

-vs-                                            Case No. 5:05-cv-435-Oc-10GRJ

TIMOTHY R. MORGAN AND HY CITE
CORPORATION,

          Defendants.
_____/

## O R D E R

The United States Magistrate Judge has issued a report (Doc. 26) recommending that the Plaintiff's Motion to Remand (Doc. 9) be granted, and, alternatively, that the Defendants' Motion to Dismiss, Transfer or Stay (Doc. 3) be denied as moot. The Defendants have objected to the Magistrate Judge's Report and Recommendation (Doc. 32), and the Plaintiff has responded to the Defendants' objections (Doc. 35).

Upon an independent examination of the file and upon due consideration, it is ordered that:

(1) the report and recommendation of the Magistrate Judge (Doc. 26) is adopted, confirmed and made a part hereof;

(2) the Plaintiff's Motion to Remand (Doc. 9) is GRANTED and the Defendants objections thereto are OVERRULED;[1]

(3) the Defendants' Motion to Dismiss, Transfer or Stay (Doc. 3) is DENIED AS MOOT; and

(4) the Clerk is directed to take all necessary steps to remand this case to the court from which it was removed.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 14th day of June, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[1] The Defendants contend that the Magistrate Judge incorrectly applied federal law to determine the enforceability of the forum selection clause in the distributor's agreement and that the forum selection clause is invalid under Florida law.  However, it is clear that federal law, not state law, governs the determination of whether to enforce a forum selection clause in a diversity jurisdiction case.  See P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) ("Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law"); Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1067 (11th Cir. 1987) ("holding that forum selection clauses present procedural questions to be resolved by federal law independent of forum state policy").  The Defendants' reliance on Alexander Proudfoot Co. World Headquarters v. Thayer, 877 F.2d 912 (11th Cir. 1989), is misplaced since, unlike Proudfoot, the issue presented in this case is whether the forum selection clause waives an employee's right to remove, and not whether the forum selection clause confers personal jurisdiction over an employee.  And, in any event, the Defendants cannot now raise the defense of lack of personal jurisdiction since that defense was waived by omitting the defense from their motion to dismiss.  See Federal Rule of Civil Procedure 12(g) and (h); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990); Doc. 3, Motion to Dismiss, Transfer or Stay.

2